IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                    Criminal Action 2:19-cr-097
                                                JUDGE SARAH D. MORRISON

**JENNIFER RIGGS**

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Defendant Jennifer Riggs is charged with conversion of Supplemental Security Income benefits by a representative payee, in violation of 42 U.S.C. Section 1383a(a)(4).[1] *Information*, ECF No. 15. On June 19, 2019, Defendant, accompanied by her counsel, appeared for her arraignment and entered a plea of guilty to that charge. The undersigned recommended that Defendant's plea of guilty be accepted. *Report and Recommendation*, ECF No. 23. Shortly thereafter, however, Defendant tested positive for illicit substances (*i.e.,* amphetamine and methamphetamine), the results of which were later confirmed. On July 10, 2019, the Court conducted a hearing intended to address the voluntariness and validity of Defendant's June 19, 2019, guilty plea. Pretrial Services reported that the results of a drug screen administered shortly before the hearing were negative for illicit substances. Defendant appeared at the July 10, 2019, hearing with her counsel and was placed under oath.

During that hearing, Defendant testified that, at the time she entered her guilty plea on June 19, 2019, she understood the nature and meaning of the charge in the *Information* and that she understood each of her rights referred to in Rule 11 of the Federal Rules of Criminal Procedure. Defendant also testified that, at the time she

---

[1] The *Plea Agreement*, ECF No. 23, was executed pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C) and includes an appellate waiver provision. Under the *Plea Agreement*, defendant also agrees to an order of restitution.

1

entered her guilty plea on June 19, 2019, she understood the consequences of her plea of guilty to the charge in the *Information*. Defendant also testified that, at the time she entered her guilty plea on June 19, 2019, she understood that the District Judge may accept or reject the plea agreement and that, if the District Judge refuses to accept the plea agreement, Defendant would have the opportunity to withdraw her guilty plea but that, if she does not withdraw her guilty plea under those circumstances, the District Judge may impose a sentence that is more severe than the sentence contemplated in the plea agreement, up to the statutory maximum. Defendant also confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. Defendant confirmed that her guilty plea entered on June 19, 2019, was voluntary. Defendant also confirmed that she pleaded guilty to Count 1 of the *Information* on June 19, 2019, because she is in fact guilty of that offense.

Under these circumstances, the undersigned once again concludes that Defendant's June 19, 2019, plea of guilty to Count 1 of the *Information* was knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

The undersigned therefore once again **RECOMMENDS** that Defendant's June 19, 2019, guilty plea to Count 1 of the *Information* be accepted.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


July 10, 2019                                            *s/ Norah McCann King*
 Date                                                   Norah McCann King
                                                       United States Magistrate Judge